MCGUIREWOODS LLP
ALICIA A. BAIARDO SBN #254228
CHRISTINE M. MASTROMONACO SBN #318894
Two Embarcadero Center
Suite 1300
San Francisco, CA  94111-3821
Telephone:  415.844.9944
Facsimile:  415.844.9922

Attorneys for Defendant
for Capital One, N.A. d/b/a Capital One Auto Finance

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA FIERRO,<br><br>    Plaintiff,<br><br>    vs.<br><br>CAPITAL ONE, N.A.,<br><br>    Defendant. | CASE NO. '22CV493  BAS BLM<br><br>[The Superior Court of California, County of San Diego Case No. 37-2022-00009067-CU-BT-CTL]<br><br>**DEFENDANT CAPITAL ONE, N.A.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]** |

REMOVAL OF CIVIL ACTION FROM STATE COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Capital One, N.A., d/b/a Capital One Auto Finance, ("Capital One"), by and through its counsel, hereby removes the above-captioned matter from the Superior Court of the State of California for the County of San Diego (the "State Court"), in which the action is currently pending, to the United States District Court for the Southern District of California on the grounds that this Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, 1441, 1446 and all other applicable bases for removal. In support of this Notice of Removal, Capital One states as follows:

1. On or about March 9, 2022, Plaintiff Patricia Fierro ("Plaintiff") commenced this civil action against Capital One captioned as *Patricia Fierro v. Capital One, N.A.*, Case No. 37-2022-00009067-CU-BT-CTL (the "Complaint") Superior Court of the State of California for the County of San Diego (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

2. On March 10, 2022, Capital One was served with a copy of the Summons and Complaint by personal service.

3. Capital One is informed and believes that the following documents are also on file in the State Court Action which are attached hereto as the Exhibits identified below:

| Exhibit | Description |
|---|---|
| A | Complaint |
| B | Civil Cover Sheet |
| C | Original Summons |
| D | Notice of Case Assignment and Case Management Conference (Civil) |

-1-
REMOVAL OF CIVIL ACTION FROM STATE COURT

| E | Stipulation to Alternative Dispute Resolution Process |
|---|---|
| F | Proof of Service of 30-day Summons & Complaint - Personal |

4. **Timeliness of Removal.** This action has not previously been removed to federal court. A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." 28 U.S.C. § 1446(b). As set forth above, on March 10, 2022, Capital One was served with a copy of the Complaint by personal service. This Notice of Removal is therefore timely because it has been filed within thirty (30) days of the date on which Capital One received "a copy of the initial pleading." *Id.*

5. In accordance with 28 U.S.C. § 1446(d), Capital One is providing contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

6. **Jurisdiction.** This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), on the basis of diversity because: (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and Capital One, on the other hand; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. **Plaintiff's Citizenship.** Capital One is informed and believes that at all relevant times, Plaintiff was and is domiciled in, and is a citizen of, the United States and the State of California. In *Kanter v. Warner-Lambert Co.*, the Ninth Circuit held that a "person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff's Complaint alleges that Plaintiff working as a nursing assistant at a hospital in Point Loma located in San Diego, California at the time she purchased her Nissan Altima. Exh. A, Complaint ¶¶ 12-13. The Guaranteed Asset Protection (GAP) Addendum and Retail Installment Sales Contract (RISC) Plaintiff signed on

August 26, 2014, state her address as San Diego, California. Capital One is not aware of any out-of-state address for the Plaintiff. Exh. A, Complaint, Exh. 1,1 ; Exh. 2, 2.

8. **Capital One's Citizenship.** Defendant, a national banking association organized under the laws of the United States, is a citizen of Virginia as its main office is located there, as set forth in its articles of association. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *see also* 28 U.S.C. § 1348 (stating that the Court has original jurisdiction over matters against a national banking association); *Rouse v. Wachovia Mortgage*, FSB, 747 F.3d 707, 709 (9th Cir. 2013) (under 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office is located). Thus, for purposes of diversity, Capital One is a citizen of Virginia.

9. **Amount in Controversy.** An action may be removed to and remain in federal court if the defendant establishes, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional amount. *Urbino v. Orkin Servs. Of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013). To satisfy the preponderance of the evidence test, a defendant must demonstrate that "it is more likely than not" that the amount in controversy is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

10. A plaintiff's complaint is a court's "first source of reference in determining the amount in controversy." *LaCrosse v. Knight Truck & Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). In determining whether the amount in controversy exceeds $75,000, the court must include "all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 418 (9th Cir. 2018). The ultimate inquiry asks what amount is put "in controversy" by the operative complaint—not what a

court or jury might later determine to be the actual amount of damages, if any. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal.").

11.  Plaintiff's Complaint does not plead specific damages in an amount, but seeks "Declaratory relief; Actual, economic and non-economic damages; Restitution; Statutory penalties; Injunctive relief; Attorney fees and costs per contract and/or statute; Prejudgment interest; and for such other and further relief as the Court deems just and proper." Exh. A, Prayer.

12.  "In actions seeking injunctive relief, it is well established that courts include the value of the object of the litigation in the amount-in-controversy calculus." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)).  Ninth Circuit courts apply the "Either Viewpoint" Rule, meaning if either of the parties can satisfy the dollar minimum, the amount-in-controversy is met. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017); *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).  Thus, under the "Either Viewpoint" Rule, Capital One may satisfy the amount-in-controversy if the value of complying with Plaintiff's request for injunctive relief exceeds $75,000.

13.  **Amount of Injunctive Relief in Controversy.**  Plaintiff's Complaint seeks both public and private injunctive relief pursuant to the California Consumers Legal Remedies Act ("CLRA") and Unfair Competition Law ("UCL"). Exh. A, ¶ 57.  As to the request for public injunctive relief, Plaintiff seeks to enjoin Capital One from accepting assignments of RISCs that have been modified by the same form of GAP addendum that Plaintiff executed. *Id.* ¶ 57(e).  Plaintiff also seeks an injunction requiring Capital One to "include in its waiver, the amount of the buyer's insurance deductible" for existing RISCs "that have been modified by" the same

form of GAP addendum. *Id.* ¶ 57(f). The cost of complying with the injunctive relief sought in paragraph 57(e) would exceed $75,000. *See* Declaration of Mukund Narayanan ¶ 3.

14. **Amount of Attorneys' Fees in Controversy.** The amount in controversy requirement is further satisfied by looking at attorney fees. When attorneys' fees are recoverable in an action, future attorney fees that will be incurred after removal must be included in the amount-in-controversy calculus. *Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018) ("We conclude. . .that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."); *Vashisht-Rota v. Howell Mgmt. Servs.,* LLC, No. 18-CV-2010-L-AGS, 2019 WL 351145, at *2 (S.D. Cal. Jan. 28, 2019) (this court included "attorney fees likely to be incurred during [the] litigation" in determining the amount in controversy). The Court may utilize its expertise in determining the number of hours that would reasonably be expended on this matter. *Fritsch*, 936 F.3d at 795.

15. Plaintiff's Complaint asserts a claim for violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), which provides the prevailing plaintiff attorney fees. *See* Exh. A, ¶¶ 45, 55; *Dewi v. Wells Fargo Bank*, No. CV 12-2891 ABC SHX, 2012 WL 10423239, at *9 (C.D. Cal. Aug. 8, 2012) (stating that Section 1785.31 (a)(1) of CCRAA allows a prevailing plaintiff to recover reasonable attorney fees).

16. District courts have developed expertise in determining the number of hours reasonably expended on the litigation as well as the courts' ability to rely on their own knowledge of customary rates and experience concerning reasonable and proper fees. *Fritsch*, 936 F.3d at 795; *see Lokey v. CVS Pharmacy, Inc.*, No. 20-CV-04782-LB, 2020 WL 5569705, at *6 (2020) ("Based on the court's knowledge of customary rates and the reasonable amount of time it takes to litigate a case, the amount in controversy is met here.").

17. Applying customary billable rates and hours necessary to fully litigate this case to trial, Plaintiff's attorney fees would undoubtedly exceed $75,000. Plaintiff's counsel Jon B. Dumbeck and Curtis M. King's hourly rate during 2016 and 2017 was $450, and the district court approving their fee petition found an hourly rate of $400 to be reasonable. Request for Judicial Notice, Exhs. 1-2. Applying a $400 hourly rate, Plaintiff's attorney's fees will exceed the $75,000 amount at the 188th billable hour. Based upon the experience of undersigned counsel, this case will require more than 188 hours to fully litigate through trial. *See Lokey*, 2020 WL 5569705 at 5-6 (in applying plaintiff's counsel's hourly rates as estimated by defendant, the Court determined the dollar amount would be met in the 137th hour of work, "hours which the case necessarily will require.").

18. In addition, Plaintiff prays for damages, and statutory penalties which will increase the amount in controversy further above the jurisdictional amount. Thus, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the Complaint may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

19. **Venue.** Venue is proper under 28 U.S.C. § 1446(a) which provides for removal of any civil action to the federal district court for the district and division embracing the place where the action is pending. Venue lies in the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), because the State Court Action was filed within this district, and this is the district in which the action arose.

20. By filing this Notice of Removal, Capital One does not waive any jurisdictional or other defenses that might be available to it. In addition, Capital One expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure. Capital One reserves the right to amend or supplement this Notice of Removal. Capital One specifically reserves the right to amend this petition to offer additional grounds for removal

should the grounds presented herein be found to be insufficient.

WHEREFORE, Capital One respectfully requests that the above-captioned action now pending in the Superior Court of the State of California of San Diego County be removed to this U.S. District Court for the Southern District of California.

DATED: April 11, 2022        MCGUIREWOODS LLP

By: */s/ Alicia A. Baiardo*
ALICIA A. BAIARDO
Attorneys for Capital One, N.A. d/b/a
Capital One Auto Finance

# CERTIFICATE OF SERVICE

I certify that on April 11, 2022, the foregoing document entitled **DEFENDANT CAPITAL ONE, N.A.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]** was filed electronically in the Court's EFC; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" as service through CM/ECF to registered e-mail addresses of parties of record in the case. I further certify that a copy of the foregoing document(s) was [mailed via U.S. Mail or another carrier] to the person(s) listed below:

| | |
|---|---|
| Jon B. Dumbeck, Esq.<br>Curtis M. King, Esq.<br>DUMBECK & DUMBECK<br>3355 Mission Ave., Suite 139<br>Oceanside, CA 92058<br>Telephone: (760) 5296-4958<br>Facsimile: (760) 637-2391 | Attorneys for Plaintiff<br>Patricia Fierro |

/s/ *Alicia A. Baiardo*
Alicia A. Baiardo