**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA FIERRO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAPITAL ONE, N.A.,<br><br>　　　　　Defendant. | Case No. 22-cv-00493-BAS-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF No. 5)** |

　　　Plaintiff Patricia Fierro filed this action against Defendant Capital One, N.A. asserting state law claims arising out of a dispute involving her automobile financing. (Compl., Ex. A to Notice of Removal, ECF No. 1.)  Defendant, invoking federal diversity jurisdiction, removed the case to federal court and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Mot., ECF No. 5.)  Plaintiff opposes the motion (Opp'n, ECF No. 6) and Defendant replies (Reply, ECF No. 10).  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion, and **GRANTS** Plaintiff leave to amend her complaint to correct the deficiencies noted in this Order.

## I. BACKGROUND

In August 2014, Plaintiff purchased a used car from El Cajon Ford, a non-party car dealership. (Compl. ¶ 13.) To complete the purchase, Plaintiff signed a retail installment sales contract (the "Sales Contract") requiring her to pay the dealership monthly installments of $301.85 for five years. (*Id*.; Sales Contract, Ex. 2 to Compl.) The dealership retained a security interest in the vehicle. (Sales Contract at 1.)

For an additional $795.00, Plaintiff executed a Guaranteed Asset Protection Addendum (the "GAP Addendum"). (Compl. ¶ 14; GAP Addendum, Ex. 1 to Compl.) In the event Plaintiff's car was stolen or totaled before she made all her payments under the Sales Contract, the GAP Addendum would cover the difference between her car insurance payout and the remaining balance on the Sales Contract. (Compl. ¶ 8.) Without the GAP Addendum, Plaintiff would remain obligated to make payments under the Sales Contract even after her car is gone. (*Id*.)

After Plaintiff bought the car, Defendant acquired the Sales Contract and GAP Addendum and assumed the dealership's rights and liabilities. (*Id*. ¶ 18.) A few years later, Plaintiff was involved in a collision and her car was totaled. (*Id*. ¶ 20.) At the time of the accident, Plaintiff still owed Defendant $6,232.33 on the Sales Contract. (*Id*. ¶ 21.) Plaintiff's insurance company paid Defendant proceeds of $3,758.34, leaving a remaining balance of $2,473.99. (*Id*.) Plaintiff performed the conditions required to obtain her benefits under the GAP Addendum, expecting that Defendant would then waive the outstanding balance on the Sales Contract pursuant to the GAP Addendum. (*Id*. ¶ 22.) Defendant, however, did not waive the entire gap. (*Id*.) Instead, without providing a satisfactory explanation, Defendant waived only $48.82 and pursued Plaintiff for the remaining deficiency. (*Id*. ¶¶ 22–23.)

Defendant indicated to Plaintiff that her three late payments and fourteen late charges resulted in its low waiver calculation. (*Id*. ¶ 23.) According to Defendant's

own records, however, at the time of the accident Plaintiff had only one late payment and two late charges due. (*Id.*) In the weeks after the accident, she made additional payments to bring her account current as of the date of the accident. (*Id.*) Nonetheless, Defendant attempted to collect over $2,000 from Plaintiff and incorrectly reported to credit bureaus that she had defaulted on the Sales Contract. (*Id.* ¶ 22.)

Plaintiff alleges that the GAP Addendum she executed is deceptive and designed to mislead consumers. (*Id.* ¶ 16.) In particular, she claims that the GAP Addendum was a mandatory component of her automobile purchase but that she did not receive an explanation of what it covered, or the terms, conditions, and exclusions that applied. (*Id.* ¶ 14.) She asserts that the GAP Addendum purports to provide insurance coverage by deceptively using insurance terminology. (*Id.*) Rather than provide insurance coverage, the GAP Addendum is an agreement by the dealer and assignee to waive Plaintiff's payments after a loss, subject to exclusions that are confusing, hidden in fine print, and contrary to ordinary consumer expectations. (*Id.* ¶¶ 15–17.)

Plaintiff claims that Defendant breached the implied covenant of good faith and fair dealing by interpreting her Sales Contract and GAP Addendum in an unfair, unreasonable, and dishonest manner. (*Id.* ¶ 33.) She also claims that Defendant violated provisions of California's Commercial Code ("Commercial Code") and Consumer Credit Reporting Agencies Act ("CCRAA") and brings independent claims for declaratory and injunctive relief. (*Id.* ¶¶ 35–56.)

## II.    LEGAL STANDARD

A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true and must construe them and draw all reasonable inferences therefrom in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] formulaic recitation of a cause of action's elements will not do." *Id.* at 545.

Generally, "when the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), '[r]eview is limited to the complaint.'" *Lee v. City of Los Angeles*, 250 F. 3d 668, 688 (9th Cir. 2001) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). However, a court may also "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### III. ANALYSIS

#### A. Breach of the Implied Covenant of Good Faith and Fair Dealing

"In California, the factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligation under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefit of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (citing Judicial Council of California Civil Jury Instruction 325).

Defendant challenges Plaintiff's claim for breach of the implied covenant of good faith and fair dealing for two reasons. First, Defendant argues it could not have frustrated Plaintiff's rights under the GAP Addendum because the addendum was between Plaintiff and third-party "Classic," and because Plaintiff received the balance-waiver she was entitled to under the GAP Addendum. (Mot. 4.) Second, Defendant argues that it could not have breached the implied covenant as a matter of law because the GAP addendum disclosed the amounts that would not be covered. (*Id.*) Defendant contends that "[b]ecause such actions were sanctioned under the GAP [Addendum], Plaintiff cannot now maintain that her rights or reasonable expectations . . . were frustrated." (*Id.*)

Plaintiff pleads sufficient facts to support her claim for breach of the implied covenant of good faith and fair dealing. She alleges that she signed the GAP Addendum, which was then assigned to Defendant who assumed the rights and liabilities under the contract. (Compl. ¶ 19.) The GAP Addendum, which Plaintiff attached to the complaint and incorporated by reference, confirms that:

> This GAP protection contract addendum . . . amends the FINANCING CONTRACT. This addendum is between the CUSTOMER shown above . . . and the DEALER shown above . . . or if the financing CONTRACT is assigned to another party, the ASSIGNEE.

(GAP Addendum.) Plaintiff does not plead—nor does the GAP Addendum indicate—that it is between Plaintiff and third-party "Classic" as Defendant argues. (Mot. 2, 4.) Instead, the GAP Addendum identifies Plaintiff as the customer, El Cajon Ford as the dealer, and Defendant as the assignee and provides that if assigned, the addendum is between the customer and assignee. (*Id.*) Thus, Plaintiff has adequately pled that the GAP Addendum is between herself and Defendant. (Compl. ¶ 19.)

Plaintiff also sufficiently pleads that she fulfilled her obligations under the contract—by paying $795 for it—and that she fulfilled the conditions precedent to

Defendant's performance. (*Id.* ¶¶ 14, 22.) Defendant does not dispute these elements.

With respect to the fourth element of Plaintiff's implied covenant claim—unfair treatment that interfered with her right to receive the contract benefit—Defendant's primary arguments are that Plaintiff received what she was entitled to under the contract and that the contract disclosed the amounts it did not cover. (Mot. 4.) Defendant's arguments presume, however, that Defendant's interpretation of the GAP Addendum and its calculation of Plaintiff's benefit were correct.

Plaintiff argues that Defendant miscalculated the amount of waiver she was entitled to in bad faith, which deprived her of the contract benefit of the full waiver. (Opp'n 2–3.) Plaintiff pled Defendant falsely claimed she had three past due payments and fourteen late charges on the date of the loss (Compl. ¶¶ 26–27), and that Defendant: (1) failed to credit her for an overpayment she made (*id.*); (2) falsely claimed that the GAP Addendum was between Plaintiff and a third party (*id.* ¶¶ 28–30); (3) falsely claimed that because Defendant was not a party to the GAP Addendum, it was not bound to waive any portion of the "gap" due to miscalculation of the gap benefits (*id.* ¶¶ 29–29); and (4) refused to explain how Defendant calculated the waiver and resulting deficiency on the Sales Contract (*id.* ¶¶ 37–39). Plaintiff claims that Defendant has wrongly attempted to collect more than $2,000 from her, which the Court infers negatively impacts her credit, and which Plaintiff states has caused her to incur costs and expend resources. (*Id.* ¶ 22, 34.) Plaintiff's complaint sufficiently posits that because of Defendant's bad faith or unfair interference, Plaintiff did not receive her full benefits under the GAP Addendum and as a result suffered harm. (*Id.*)

Defendant argues Plaintiff's claim fails as a matter of law because the GAP Addendum expressly disclosed limitations, including that it does not cover the full gap amount in all circumstances. (Mot. 4.) That the GAP Addendum includes limitations to its coverage, however, is not dispositive. Plaintiff's theory is that

Defendant did not abide by the express provisions of the contract and instead miscalculated or misapplied the contractual limitations. (Opp'n 3.) Thus, while it may be the case that the GAP Addendum disclosed limitations, it can simultaneously be true that Defendant misapplied those limitations in Plaintiff's case resulting in an unfair denial of benefits.

The Court finds that Plaintiff has made out a plausible claim for breach of the implied covenant of good faith and fair dealing and **DENIES** Defendant's motion to dismiss this claim.

### B.  Violation of the California Commercial Code

Plaintiff's second claim is for violation of California Commercial Code ("Commercial Code") §§ 9616 and 9626. Section 9616 provides that:

> *In a consumer-goods transaction in which . . . a consumer obligor is liable for a deficiency under Section 9615*, the secured party shall do either of the following: (1) Send an explanation to the debtor or consumer obligor . . . [or] (2) . . . within 14 days after receipt of a request, send to the consumer obligor a record waiving the secured party's right to a deficiency.

Cal. Com. Code § 9616(b) (emphasis added). Plaintiff alleges that Defendant neither provided her with an explanation nor waived her deficiency, and is therefore barred from pursuing the deficiency under § 9626. (Compl. ¶¶ 35–41.) Section 9626 provides that in an action in which a deficiency is at issue the secured creditor bears the burden of proving compliance with the "provisions of this chapter" and that the debtor is liable for a deficiency only where certain conditions are met. Cal. Com. Code § 9626(b). One of these conditions is that "the collection, enforcement, *disposition*, *and* acceptance by the secured party were conducted in good faith and in a commercially reasonable manner. *Id*. § 9626(b)(2)(C) (emphasis added). Defendant's primary challenge to Plaintiff's Commercial Code claim is that Plaintiff

did not establish that Defendant's alleged violation of § 9616 would relieve her of liability for the deficiency under § 9626.[1] (Mot. 7.)

The Court is skeptical of Plaintiff's ability to make out a claim based on the Commercial Code. The portion of the Commercial Code on which Plaintiff relies governs debtor default and secured creditors' obligations when disposing of collateral after default. The provisions generally prohibit a creditor from accepting an unreasonably low price for the security interest or collateral, which results in excessive liability on the consumer obligor. The facts Plaintiff pleads in this case do not support her reliance on these provisions.

For instance, Plaintiff does not allege that she is a consumer obligor liable for a deficiency under § 9615, which is a prerequisite to invoking § 9616(b). Section 9615 provides that "[i]f the security interest *under which a disposition is made* secures payment or performance of an obligation . . . [s]ubject to subdivision (b) of Section 9626, the obligor is liable for any deficiency." Cal. Com. Code § 9615(d). Furthermore, Section 9626 suggests that an obligor is not liable for a deficiency where "the collection, enforcement, *disposition*, *and* acceptance by the secured party were conducted in good faith and in a commercially reasonable manner. *Id*. § 9626(b)(2)(C). Both provisions on which Plaintiff's claim is based, §§ 9616 and 9626, appear to apply where a security interest was disposed of by the creditor, and Plaintiff has not provided any authority to the contrary.

Here, Defendant did not dispose of the security interest—Plaintiff's car— after she defaulted on the Sales Contract. Her car was totaled. The "deficiency" represents the difference in the balance on Plaintiff's Sales Contact and the amount

---

[1] Defendant also challenges Plaintiff's claim because she did not plead actual damages. (Mot. 6.) Defendant, however, did not provide authority to establish that actual damages are an element of Plaintiff's claim, especially where Plaintiff has requested statutory penalties pursuant to Commercial Code § 9625(e). Thus, the Court does not find this Defendant's argument to be persuasive.

her insurer paid to Defendant for the value of the car at the time it was totaled. (Compl. ¶¶ 20–22.)  Since there was no disposition of a security interest by Defendant, Plaintiff cannot establish that she is a "consumer obligor [] liable for a deficiency under § 9615." *See* Cal. Com. Code § 9616.  And if § 9615 does not apply, then § 9616—one of the bases of Plaintiff's Commercial Code Claim—likewise cannot not apply.

Plaintiff's reliance on § 9626 is similarly flawed.  That section would relieve a consumer obligor from liability for a deficiency owed to a secured creditor where the secured creditor disposed of collateral in a bad faith or commercially unreasonable manner.  *Id*. § 9626(b)(2)(C).  That is not the case here.  Thus, the Court is not persuaded that the Commercial Code provisions invoked by Plaintiff are applicable to the facts she pled and finds that Plaintiff has not stated a claim under the Commercial Code.  The Court **DISMISSES** Plaintiff's claim and **GRANTS** Plaintiff leave to amend the complaint to attempt to state a claim that is plausible under the Commercial Code.

### C.     Violation of the CCRAA

Plaintiff's third claim is for violation of the CCRAA.  In relevant part, the CCRAA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code ("Civil Code") § 1785.25(a).  To support this claim, Plaintiff alleges that Defendant reported to credit bureaus that she defaulted on the Sales Contract and that she owes the bank more than $2,000.  (Compl. ¶ 22.)  Plaintiff further pled that Defendant willfully furnished inaccurate and misleading information to consumer reporting agencies about Plaintiff, the Sales Contract, and the purported deficiency.  (*Id*. ¶ 44.)

Defendant challenges Plaintiff's claim on two grounds.  (Mot. 9–12.)  First, Defendant argues that Plaintiff did not allege that the information reported to the credit agencies was inaccurate.  (*Id*.)  Second, Defendant contends that Plaintiff

failed to plead that she suffered actual damages because of Defendant's conduct. (*Id.*)

Plaintiff sufficiently pleads that Defendant reported incomplete or inaccurate information to credit reporting agencies. At the motion to dismiss stage, the Court accepts as true facts asserted by Plaintiff. *See Cahill*, 80 F.3d at 337–38. This includes Plaintiff's assertions that Defendant miscalculated the amount of waiver she was entitled to under the GAP Addendum, failed to correct the calculation, and deprived her of benefits pursuant to the agreement. If these facts are accepted as true, it follows that Plaintiff does not owe Defendant the full amount that Defendant then knowingly and inaccurately reported to credit agencies. Defendant asserts that Plaintiff failed to explain why it was inaccurate for Defendant to report the $2,000 outstanding balance and subsequent default to credit agencies. (Mot. 10.) But Plaintiff did explain. (Compl. ¶¶ 22, 25–27, 42–46.) Her position is that Defendant reported a debt that Plaintiff does not owe, which is inaccurate. (*Id.*) Defendant's arguments are based on the factual assumption that Defendant followed the GAP Addendum and accurately calculated the waiver and resulting Sales Contract balance. But the Court does not accept as true Defendant's interpretation of the facts at this stage. Instead, the Court finds that Plaintiff has sufficiently alleged that Defendant reported inaccurate information to credit reporting agencies.

With respect to actual damages, Plaintiff's only allegation is that Defendant's statutory violation was "a substantial factor in causing harm to plaintiff, for which she is entitled to recover actual damages and statutory penalties." (Compl. ¶ 45.) This bare assertion, without factual support, is insufficient to establish the particular injury Plaintiff alleges was caused by Defendant's purported CCRAA violation. *See Levinson v. Transunion LLC*, No. CV 16-00837-RSWL-PLAx, 2016 WL 3135642, at *6 (C.D. Cal. June 2, 2016) ("Actual damage is required to state a claim under the CCRAA.") The Court therefore **DISMISSES** Plaintiff's claim because she did

not sufficiently plead her entitlement to damages. The Court **GRANTS** Plaintiff leave to amend her claim to cure this deficiency.

### D. Declaratory and Injunctive Relief

Defendant moves to dismiss Plaintiff's standalone claims for declaratory and injunctive relief because they are not legally cognizable. (Mot. 12–13.) Indeed, "[d]eclaratory and injunctive relief are not independent claims, rather they are forms of relief." *Santos v. Countrywide Home Loans*, No. CIV.20902642-WBS-DAD, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009) (citing *McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159 (1997)). Here, the question is whether Plaintiff's complaint states plausible claims that entitle her to the declaratory and injunctive remedies she seeks. *See Brown v. Option One Mortg. Corp.*, No. C 09-5705 MHP, 2010 WL 1267774, at *4 (N.D. Cal. Apr. 1, 2010) (dismissing claims for declaratory and injunctive relief where the plaintiff had not adequately pled "predicate causes of action"). While Plaintiff may well be entitled to declaratory and injunctive relief, she must plead substantive claims that provide for those remedies. *Id*.

Plaintiff proffered Civil Code § 1780(a)(3) and California Business and Professions Code ("Bus. & Prof. Code") § 12703 as bases to support her claim for injunctive relief. (Opp'n 11.) However, as Defendant points out, Plaintiff did not bring substantive claims against Defendant for violation of these statutes and has not adequately pled a violation of either within her claim for injunctive relief. (Mot. 13; Compl. ¶¶ 53–57.) Plaintiff's allegations with respect to these statutory violations are conclusory and lack sufficient explanation for the Court to find that plausible claims exist. (Compl. ¶¶ 55–56.) The Court must dismiss Plaintiff's claim for injunctive relief as drafted, because it is based on claims that she did not adequately raise in her complaint. However, the Court grants Plaintiff leave to amend her complaint to attempt to state claims under Civil Code § 1780(a)(3) and Bus. & Prof. Code § 12703 that would entitle her to injunctive relief.

Plaintiff notes in her opposition that she brought her declaratory relief claim as an independent claim to ensure Defendant has notice that she is seeking a declaratory judgment. (Opp'n 11.) However, Plaintiff does not specify which of her claims entitles her to the requested declaratory relief. The Court, therefore, agrees with Defendant that Plaintiff's claim for declaratory relief should be dismissed because it is a remedy rather than a standalone claim. *See Chen v. U.S. Bancorp*, No. 12CV2895 JAH(NLS), 2013 WL 12114619, at *4 (S.D. Cal. June 26, 2013) (finding that declaratory relief is a remedy rather than an independent claim). Again, the Court grants Plaintiff leave to amend her complaint to: (1) specify which of her claims entitles her to declaratory relief, and (2) include the relief as a part of her other claims rather than as a standalone claim.

Thus, the Court **DISMISSES** Plaintiff's independent claims for declaratory and injunctive relief, but **GRANTS** Plaintiff leave to amend her complaint to address the deficiencies noted above.

## IV.   CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss (ECF No. 5). The Court **DENIES** Defendant's motion with respect to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing, and **GRANTS** Defendant's motion with respect to Plaintiff's claims for violation of the Commercial Code, violation of the CCRAA, declaratory relief, and injunctive relief. Finally, the Court **GRANTS** Plaintiff leave to amend the complaint to correct the deficiencies noted in this Order. Should Plaintiff choose to amend, she must file her amended complaint **no later than September 8, 2022**.

**IT IS SO ORDERED.**

**DATED: August 9, 2022**

Hon. Cynthia Bashant
United States District Judge