UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA FIERRO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAPITAL ONE, N.A.,<br><br>　　　　　Defendant. | Case No. 22-cv-00493-BAS-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (ECF No. 19)** |

　　　Presently before the Court is Defendant Capital One, N.A.'s Motion to Dismiss Plaintiff Patricia Fierro's First Amended Complaint. (Mot., ECF No. 19.) Plaintiff opposes (Opp'n, ECF No. 20), and Defendant replies (Reply, ECF No. 21).

　　　The Court finds this Motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L. R. 7.1(d)(1). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

## I. BACKGROUND

The Court outlined Plaintiff's allegations in its Order Granting in Part Defendant's Motion to Dismiss. (Dismissal Order, ECF No. 11.) In short, Plaintiff financed a used car purchase through a Retail Installment Sales Contract. As part of the deal, she executed a Guaranteed Asset Protection ("GAP") Addendum. The dealership later assigned the Sales Contract and GAP Addendum to Defendant. (*Id.* 2:2–18.)

After Plaintiff's car was totaled in a collision, her insurance company paid Defendant proceeds of $3,758.34, leaving a remaining balance of $2,473.99 on her loan. Plaintiff expected that Defendant would then waive her outstanding balance in light of the GAP Addendum. Instead, however, Defendant waived only $48.82 and pursued Plaintiff for the remaining deficiency without providing a satisfactory explanation. Further, Plaintiff claims Defendant incorrectly reported to credit bureaus that she had defaulted on her car loan. (Dismissal Order 2:1–3:22.)

Based on these allegations, Plaintiff brought a variety of claims against Defendant, and Defendant moved to dismiss them under Rule 12(b)(6). In resolving the motion, the Court made several rulings. First, the Court found Plaintiff stated a claim for breach of the implied covenant of good faith and fair dealing under California law arising from the GAP Addendum. (Dismissal Order 4:19–6:8.)

Second, the Court agreed with Defendant that Plaintiff failed to state a claim under California Commercial Code §§ 9616 and 9626. The Court reasoned the facts alleged do not fit into the circumstances covered by these statutes, so the Court dismissed Plaintiff's Commercial Code claim with leave to amend. (Dismissal Order 7:9–8:15.)

Third, the Court found Plaintiff did not allege actual damages to support her claim that Defendant violated California's Consumer Credit Reporting Agencies Act by reporting inaccurate information to the credit agencies. The Court again

granted Plaintiff leave to amend to cure this deficiency. (Dismissal Order 9:16–10:2.)

Finally, the Court agreed that Plaintiff's standalone claims for declaratory and injunctive relief were subject to dismissal. Although Plaintiff may be entitled to these kinds of relief, the Court reasoned she must plead a substantive claim that authorizes injunctive relief, and she must specify which claim entitles her to the requested declaratory relief. Hence, the Court dismissed these claims but granted Plaintiff leave to plead appropriately. (Dismissal Order 11:3–12:14.)

Plaintiff has since filed a First Amended Complaint that amends her allegations concerning California's Commercial Code. (First Am. Compl. ("FAC") ¶¶ 44–58.) She also adds new allegations regarding damages to support her inaccurate credit reporting claim. (*Id.* ¶¶ 32–37.) Finally, Plaintiff adds claims for violation of California's Consumers Legal Remedies Act and Unfair Competition Law to support her pursuit of injunctive relief. (*Id.* ¶¶ 64–76.) Defendant now moves to dismiss the revised claims.

## II.  LEGAL STANDARD

A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true and must construe them and draw all reasonable inferences therefrom in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] formulaic recitation of a cause of action's elements will not do." *Id.* at 545.

The court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, "[i]n deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). And where the plaintiff has already amended the complaint, the court's discretion to deny leave to amend is especially broad. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012).

## III. ANALYSIS

### A. California Commercial Code § 9616

Plaintiff's second claim alleges Defendant violated California Commercial Code § 9616. (FAC ¶¶ 43–58.) Nestled in California's adoption of the Uniform Commercial Code, § 9616 is one of many provisions governing defaults in secured transactions. Cal. Com. Code §§ 9101–29. Further, because § 9616 relates to dispositions of collateral after a default, the Court starts there.

"After default, a secured party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing." Cal. Com. Code § 9610(a). "Every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable. If commercially reasonable, a secured party may dispose of collateral by public or private proceedings . . . and at any time and place and on any terms." *Id.* § 9610(b). For example, after a limousine company defaulted on several secured loans to purchase buses, the secured party repossessed

the collateral and disposed of it by selling the buses in a commercially reasonable manner through private sales. *Ascentium Cap. LLC v. Littell*, 583 F. Supp. 3d 1234, 1237–41 (W.D. Mo. 2022) (applying California law).

Once the secured party disposes of the collateral, § 9615 provides rules for applying the proceeds of the disposition to determine the borrower's deficiency or surplus. Cal. Com. Code § 9615. Finally, the provision Plaintiff invokes—§ 9616—states that:

> In a consumer-goods transaction in which . . . a consumer obligor is liable for a deficiency under Section 9615, the secured party shall do either of the following: (1) Send an explanation to the debtor or consumer obligor . . . [or] (2) . . . within 14 days after receipt of a request, send to the consumer obligor a record waiving the secured party's right to a deficiency.

*Id.* § 9616(b).

In dismissing Plaintiff's first attempt to raise a claim under California's Commercial Code, the Court expressed doubt that Plaintiff could plead a violation of § 9616 in these circumstances. The Court reasoned that Plaintiff "does not allege that she is a consumer obligor liable for a deficiency under § 9615, which is a prerequisite to invoking § 9616(b)." (Dismissal Order 8:10–11.) Moreover, given Plaintiff's allegations, "Defendant did not dispose of the security interest—Plaintiff's car—after she defaulted on the Sales Contract. Her car was totaled." (*Id.* 8:21–22.)

Plaintiff's First Amended Complaint overhauls her § 9616 claim to address these deficiencies. At the outset, Plaintiff alleges she "purchased the vehicle primarily for personal, family, or household use," making her a consumer obligor. (FAC ¶ 45.) She also pleads the Sales Contract for the vehicle created a security interest in both the vehicle and any proceeds received for it. (*Id.* ¶ 44.) Indeed, under § 9315(a)(2), "[a] security interest attaches to any identifiable proceeds of collateral."

Further, Plaintiff alleges the Sales Contract defines a "default" to include where "[t]he vehicle is lost, damaged, or destroyed." (FAC ¶ 47.) Hence, Plaintiff alleges that she was in "default" under the Sales Contract after her vehicle was damaged in a collision and her insurer determined it was totaled. (*Id.*) With her in default, Plaintiff avers that Defendant "disposed" of the collateral by "directing State Farm to pay [Defendant] the proceeds of Plaintiff's insurance settlement in exchange for releasing its lien on the vehicle's title." (*Id.* ¶ 50.) Defendant chose this option in lieu of taking possession of the damaged vehicle and selling it for salvage value. (*Id.* ¶ 51.) Defendant then applied the cash proceeds from its disposition of the collateral to Plaintiff's loan and claimed she owed a deficiency "in excess of $2,000." (*Id.* ¶ 52.)

Plaintiff next alleges that after Defendant's disposition and her receipt of the deficiency claim, she had a statutory right under § 9616 to request Defendant "provide an explanation of how it calculated her purported obligation to pay the deficiency." (FAC ¶ 52.) Plaintiff sent Defendant "an authenticated request for an explanation of the deficiency," but she did not receive the required explanation. (*Id.* ¶¶ 54–55.) Consequently, Plaintiff alleges Defendant violated § 9616. (*Id.* ¶ 58.)

Overall, in contrast to her initial Complaint, Plaintiff now includes specific allegations to plead into the statutory framework for § 9616. Defendant argues these allegations "conveniently overlook the spirit of the Commercial Code, which is the proper disposition of the collateral," and still do not show a "disposition" occurred. (Mot. 6:16–7:13.) The Court is unpersuaded by this holistic argument. Viewing the allegations in the light most favorable to Plaintiff, the Court concludes she plausibly pleads she was entitled under § 9616 to an explanation of how Defendant calculated her deficiency. The Court thus denies Defendant's request to dispose of Plaintiff's California Commercial Code claim.

-6-

22cv0493

### B. California's Consumer Credit Reporting Agencies Act

California's Consumer Credit Reporting Agencies Act ("CCRAA") provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). Plaintiff alleges Defendant violated the CCRAA by reporting inaccurate information about "Plaintiff, the contract, and the purported deficiency that [it] knew or should have known was not accurate." (FAC ¶ 61.) The Court dismissed her initial claim, however, because Plaintiff did not sufficiently allege she suffered actual damages. (Dismissal Order 10:20–11:2 (citing *Levinson v. Transunion LLC*, No. CV 16-00837-RSWL-PLAx, 2016 WL 3135642, at *6 (C.D. Cal. June 2, 2016) ("Actual damage is required to state a claim under the CCRAA.")).)

Plaintiff's First Amended Complaint corrects this deficiency. She adds several factual allegations regarding the harm she suffered from Defendant's purported inaccurate credit reporting. (FAC ¶¶ 32–35.) For example, Plaintiff claims she fruitlessly paid an apartment rental application fee because she "was turned down after her credit report was pulled because of her credit score, which was being negatively impacted by [Defendant's] inaccurate credit reporting." (*Id.* ¶ 34.) The Court finds Plaintiff adequately pleads damages to support her CCRAA claim.

Defendant argues the claim still fails because the "purported damages are a product of Plaintiff's own making—namely, her failure to remain current on her loan." (Mot. 8–1:20.) Yet, considering the Court must construe the factual allegations in Plaintiff's favor, this argument is ineffective at the Rule 12(b)(6) stage. (*See* Dismissal Order 10:3–19 (resolving similar argument).) The Court consequently denies Defendant's request to dismiss Plaintiff's amended CCRAA claim.

### C. California's Consumers Legal Remedies Act

As mentioned, the Court dismissed Plaintiff's standalone injunctive relief claim based on California's Consumers Legal Remedies Act ("CLRA") because she did not adequately plead a violation of this law. (Dismissal Order 11:16–27.) Plaintiff now avers Defendant violated the CLRA when Defendant and dealership employees made certain misrepresentations in connection with the GAP Addendum. (FAC ¶¶ 64–71.)

The CLRA provides "a nonexclusive statutory remedy for 'unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.'" *Saini v. Sutter Health*, 80 Cal. App. 5th 1054, 1059 (2022) (quoting *Gray v. Dignity Health*, 70 Cal. App. 5th 225, 242–43 (2021)). As part of the CLRA, Civil Code § 1770 lists dozens of proscribed practices, including various misrepresentations. Plaintiff claims Defendant committed three forbidden practices here: "(14) Represent[ed] that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law"; "(16) Represent[ed] that the subject of a transaction has been supplied in accordance with a previous representation when it has not"; and "(19) Insert[ed] an unconscionable provision in the contract." Cal. Civ. Code § 1770(a)(14), (16), (19).

#### 1. Alleged Misrepresentations—§ 1770(a)(14) & (16)

To state a misrepresentation claim under the CLRA, "a plaintiff must allege (1) a misrepresentation; (2) reliance on that misrepresentation; and (3) damages caused by that misrepresentation." *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1112 (N.D. Cal. 2016) (quoting *In re Sony PS3 Other OS Litig.*, 551 F. App'x 916, 920 (9th Cir. 2014)).

Defendant argues Plaintiff's misrepresentation claim is missing the reliance element. (Mot. 9:11–26.) This element requires "actual reliance" on the misrepresentation. *E.g., Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 973

(2009). To illustrate, several consumers challenged a tobacco company's announcement to end a customer-rewards program as being unfair and deceptive. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793 (9th Cir. 2012). But because the consumers failed to allege they purchased additional cigarettes or otherwise detrimentally relied on the company's announcement, they failed to plead actual reliance under the CLRA. *Id.* at 793–94.

Plaintiff alleges Defendant Capital One made several misrepresentations concerning the GAP Addendum, but these events occurred many years after she purchased her vehicle and signed the GAP Addendum. (*See* FAC ¶¶ 13, 20–31, 68–69.) Defendant, therefore, argues Plaintiff "does not allege (nor can she) that she entered into the [Sales Contract] pursuant to any representation whatsoever that [Defendant]" made regarding the GAP Addendum. (Mot. 9:18–22.)

The Court agrees. The CLRA safeguards consumers from deceptive practices that are "intended to result or which result[ ] in the sale or lease of goods or services." Cal. Civ. Code § 1780(a). "By definition, the CLRA does not apply to unfair or deceptive practices that occur *after* the sale or lease has occurred." *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1201 (N.D. Cal. 2014) (collecting cases); *see also Daugherty v. Am. Honda Motor Co.*, Inc., 144 Cal. App. 4th 824, 837 n.6 (2006) ("In any event, those representations, such as they were, occurred in 2000 and 2001, not at the time of sale [nearly a decade earlier]."); *Ross v. AT&T Mobility, LLC*, No. 19-cv-06669-JST, 2020 WL 9848766, at *16 (N.D. Cal. May 14, 2020) (concluding claim lacked plausibility where the plaintiff did not allege the defendant's conduct occurred before the "decision to initially contract"). Given that Defendant's purported misrepresentations concerning the GAP Addendum occurred many years after Plaintiff purchased her vehicle, she does not plausibly allege she relied on these

misrepresentations when entering into the transaction.[1]  Hence, the Court grants Defendant's request to dismiss her claim to the extent it relies on this conduct without leave to amend.

Plaintiff also alleges, however, that misrepresentations occurred when she purchased the vehicle and signed the GAP Addendum.  She claims dealership employees "said the monthly payment [for her loan] included GAP insurance, which was required." (FAC ¶ 14.)  In truth, the GAP Addendum "added $795" to the Sales Contract.  (*Id.*)  Plaintiff further claims the GAP Addendum was deceptive for various reasons.  (*Id.* ¶¶ 15–18.)  Although Defendant did not commit these alleged misrepresentations, Plaintiff correctly argues that Defendant—as the assignee who stepped into the shoes of the dealership—is subject to the same claims and defenses that Plaintiff could allege against the dealership. (Opp'n 11:5–6.)  *See Pulliam v. HNL Auto. Inc.*, 13 Cal. 5th 127, 131–35 (2022) (explaining why holder of installment sales contract is subject to CLRA claim); *Lafferty v. Wells Fargo Bank*, 213 Cal. App. 4th 545, 563 (2013) (same).

In response to Plaintiff's assertion that Defendant is liable for the dealership's conduct, Defendant argues Plaintiff encounters a different problem:  the statute of limitations.  (Reply 4:19–5:14.)  "As noted in the FAC, the dealer's purported representations regarding the GAP contract occurred in August 2014—more than seven years before this lawsuit was filed." (*Id.*)  Given Plaintiff's vehicle was totaled in 2017 and this action was filed in 2022, Defendant argues "this [claim] is well outside the three-year statute of limitations for claims brought under the CLRA." (*Id.*)  The Court agrees.  *See* Cal. Civ. Code § 1783 ("Any action brought

---

[1] The Court is similarly unconvinced by Plaintiff's argument that hinges on the definition of a "transaction" under the CLRA.  (*See* Opp'n 11:21–12:1.)  *See Shapiro v. AT&T Mobility, LLC*, No. 2:19-CV-8972-CBM-FFM, 2020 WL 4341778, at *5 (C.D. Cal. May 18, 2020) (reasoning the plaintiff could not rely on alleged misrepresentations that occurred many years after the "original transaction" to bring a CLRA claim).

under the specific provisions of Section 1770 shall be commenced not more than three years from the date of the commission of such method, act, or practice."); *see also Nguyen v. Nissan N. Am., Inc.*, 487 F. Supp. 3d 845, 856–57 (N.D. Cal. 2020) (applying statute of limitations for CLRA claim). Moreover, Plaintiff has the burden to demonstrate otherwise. *See, e.g., Nguyen*, 487 F. Supp. 3d at 856. The Court therefore dismisses Plaintiff's CLRA claim based on the dealership's conduct with leave to amend and does not consider whether this claim is otherwise plausible and satisfies Rule 9(b)'s particularity requirement. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding Rule 9(b) applies to CLRA claims sounding in fraud).

### 2. Alleged Unconscionability—§ 1770(a)(19)

Civil Code § 1770(a)(19) prohibits "[i]nserting an unconscionable provision in the contract" as part of the sale or lease of goods to a consumer. Under California law, "a contractual provision is unenforceable if it is both procedurally and substantively unconscionable." *Kilgore v. KevBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (citing *Armendariz v. Found. Health Psychare Servs., Inc.*, 24 Cal. 4th 83, 89 (2000)). Procedural unconscionability focuses on the level of oppression or surprise in the negotiation of the agreement due to unequal bargaining power. *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1243 (2016). "Substantive unconscionability focuses on the one-sidedness or overly harsh effect of the contract term or clause." *Samaniego v. Empire Today LLC*, 205 Cal. App. 4th 1138, 1147 (2012).

Plaintiff argues she states a CLRA claim based on unconscionability in the GAP Addendum. (Opp'n 11:13–20.) Namely, she argues the contract's "Max Deductible Buyback" definition is unconscionable because "Plaintiff's $500 deductible was not 'bought back' under the GAP Addendum and did not reduce the amount of the deficiency." (*Id.*) Defendant convincingly responds that this unconscionability theory, too, faces a statute of limitations hurdle. (Reply 5:15–

6:5.) "The critical juncture for determining whether a contract is unconscionable is the moment when it is entered into by both parties—not whether it is unconscionable in light of subsequent events." *Am. Software, Inc. v. Ali*, 46 Cal. App. 4th 1386, 1391 (1996); *see also Yerkovich v. MCA, Inc.*, 11 F. Supp. 2d 1167, 1173 (C.D. Cal. 1997) (reasoning the plaintiffs' affirmative unconscionability claims "accrued when they entered into the contract with Defendants in 1983"). Moreover, as an additional ground for dismissal, the Court agrees that Plaintiff has not sufficiently alleged both procedural and substantive unconscionability. (*See* FAC ¶¶ 13–14, 65.) Hence, the Court dismisses Plaintiff's CLRA claim based on alleged unconscionability with leave to amend.

### D. California's Unfair Competition Law

Plaintiff's remaining claim alleges Defendant violated California's unfair competition law ("UCL") by, among other things, "miscalculating the waiver amount under the terms of the GAP Addendum" and enforcing the agreement's "deceptive, misleading, and unconscionable terms." (FAC ¶ 75.) Defendant argues this claim is implausible in light of *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), because Plaintiff fails to allege she has an inadequate remedy at law—a prerequisite to pursuing injunctive relief. (Mot. 10:9–11:16.)

Much ink has been spilled on this issue already, including in this District. In *Shay v. Apple Inc.*, the Honorable Gonzalo P. Curiel thoroughly examined *Sonner* and rebutted a plaintiff's attempts to escape its reach. No. 20-cv-1629-GPC(BLM), 2021 WL 1733385, at *2–5 (S.D. Cal. May 3, 2021). Judge Curiel concluded "*Sonner* is binding on this Court" and requires a UCL plaintiff to plausibly allege "an inadequate remedy at law" before pursuing equitable relief in the form of restitution or an injunction. *Id.* at *5; *accord Goldstein v. Gen. Motors LLC*, No. 19-cv-1778-LL-AHG, 2022 WL 484995, at *5 (S.D. Cal. Feb. 16, 2022) (Lopez, J.) (same); *Rivera v. Jeld-Wen, Inc.*, No. 21-cv-01816-AJB-AHG, 2022 WL 3702934, at *13 (S.D. Cal. Feb. 4, 2022) (Battaglia, J.) (same). The Court finds this reasoning

persuasive and adopts it here. And because Plaintiff does not plausibly allege she lacks an inadequate remedy of law, the Court will dismiss her UCL claim.

It is hard to fathom how Plaintiff can correct this deficiency considering the Court has greenlit several substantive claims that provide for damages and other relief. Nonetheless, because the Court has not previously addressed this point, the Court grants Plaintiff leave to amend her UCL claim.

## IV. CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss (ECF No. 19). Specifically, the Court denies Defendant's motion to dismiss Plaintiff's California Commercial Code and CCRAA claims. The Court grants Defendant's request to dismiss Plaintiff's CLRA and UCL claims. Finally, the Court grants Plaintiff leave to amend, but this leave is circumscribed to the issues noted above. Plaintiff may not add new claims or new statutory bases to her Complaint. If Plaintiff chooses to file a Second Amended Complaint, it must be filed no later than **February 28, 2023**. If Plaintiff chooses not to amend her pleading, Defendant shall file an answer by **March 10, 2023**.

IT IS SO ORDERED.

DATED: February 13, 2023

Hon. Cynthia Bashant
United States District Judge